UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
Barbara Perricone,                                           :
                                                             :
                    Plaintiff,                               :
                                                             :          **ORDER**
            - against -                                      :
                                                             :
Sand Canyon Corporation f/k/a Option One                     :          No. 11-cv-04391 (ERK) (JMA)
Mortgage Corporation,                                        :
                                                             :
                    Defendant.                               :
------------------------------------------------------------ X

KORMAN, District Judge.

I assume familiarity with the procedural history of this case. Perricone's amended complaint is treated as a motion to amend the complaint and is granted. The defendant's motion to dismiss the complaint is denied without prejudice to renewal after the issue of diversity jurisdiction is resolved. Plaintiff's motion to remand is denied without prejudice to renewal after the service of the amended complaint on the newly added defendants. The parties should engage in discovery, if necessary, related to the issue of the citizenship of the newly added defendants. Neither of the current parties has presented any factual information about the nature of the Trust defendants' trustee's rights and powers in controlling the trusts nor whether any beneficiaries of the trust exist that would be relevant to the citizenship analysis. *See* 13E Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. and Proc. §3606, at 291-93 (3d ed. 2009) ("The citizenship of an active trustee, rather than that of the beneficiaries or of the grantor, is decisive, but [] a different result is reached with regard to a passive trustee who has only a naked legal title to the property in dispute.").

Moreover, to the extent that the motion to remand is based on the amount in controversy, it is denied because the complaint, at the time of removal, alleged that the amount in controversy

1

exceeded $75,000, and there is no basis to conclude that that was made in bad faith.  *Ocean Ships Inc. v. Stiles*, 315 F.3d 111, 115-16 (2d Cir. 2002); *Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010).  If anything, the allegation in the amended complaint that the amount in controversy is $75,000 or less, some $525,000 less than that alleged in the first complaint, is made in bad faith.

**SO ORDERED.**

Brooklyn, New York
August 30, 2012

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge